United States Courts
Southern District of Texas
FILED

*July 30, 2026*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.   4:25-cr-560S** |
| | § | |
| **ADA NGOZI OTUKA,** | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through John G.E. Marck, Acting United States Attorney for the Southern District of Texas, and Liesel Roscher, Assistant United States Attorney, and the defendant, **ADA NGOZI OTUKA** ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One and Three of the Superseding Indictment and to persist with that plea of guilty through sentencing. Count One charges Defendant with voting as an alien, in violation of Title 18, United States Code, Section 611(a). Count Three charges Defendant with false claim to citizenship in order to register to vote or in order to vote, in violation of Title 18, United States Code, Section 1015(f). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 611(a), is imprisonment of not more than **one** year and a fine of not more than $100,000 or both.   The statutory maximum penalty for a violation of Title 18, United States Code, Section 1015(f) is not more than 5 years imprisonment or a fine of not more than $250,000, or both. Additionally,

Defendant may receive a term of supervised release after imprisonment of not more than one year for Count One and three years for Count Three.   *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2-3). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for not more than two years on Count Three and one year on Count One, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(e)(3). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

### Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of twenty-five dollars ($25.00) for Count One and one hundred dollars ($100.00) for Count Three. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to her immigration status. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential

2

deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

5.  Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.  Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such

3

prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One and Three of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he/she is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty,

4

thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

10.    The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11.    The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)    to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)    to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)    to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12.    Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

5

provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)  If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)  At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c)  At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

6

**Factual Basis for Guilty Plea**

14.   Defendant is pleading guilty because she is in fact guilty of the charges contained in Counts One and Three of the Criminal Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On August 5, 2025, FBI agents met with the Deputy Director of Elections for the Texas Secretary of State. She told FBI that she referred a list of individuals to the Texas Office of Attorney General ("OAG"), to investigate for voting illegally as aliens. One of the individuals referred was Ada Otuka ("Otuka").

FBI requested records for Ada Otuka ("Otuka") from the Office of Elections Administration in Fort Bend County, Texas. Fort Bend provided details for Otuka's voting history. Per their records, Otuka voted in the General Election of 2012; General and Joint Election of 2016; General and Joint Election of 2018; General and Joint Election on November 3, 2020 (early voted October 24, 2020); and General and Joint Election on November 5, 2024 (early voted October 25, 2024). Fort Bend also provided a copy of a "Notice of Examination." They reportedly sent a copy to Otuka in June of 2025. The copy of the notice states, "[n]otice is hereby given that information has been received in my office concerning your registration to vote. Your registration status is being examined on the ground(s) that: You are not a U.S. Citizen." According to Fort Bend County, Otuka did not respond to that notice.

One manner individuals can register to vote in Texas is by filling out a Texas Voter Registration Application. Records demonstrate that on October 5, 2020, Otuka filled out a Texas Voter Registration Application that asks, "Are you a United States Citizen?" Next to the question

7

there are two boxes and Otuka affirmatively marked, "yes" and signed the signature box below where once again it states in section 10, "I am a resident of this county and a U.S. citizen[.]" Then, on October 24, 2020, she signed a Statement of Residence which says along with an admonition, "I am a resident of this county and a U.S. citizen[.]" She also previously signed a Texas Voter Registration Application change of address asserting the same on November 28, 2018. In 2018, she also checked the box "yes" to being a U.S. citizen.

FBI obtained copies of the applicable voter roll pages which list Ada Otuka checking in on October 24, 2020, to vote at Cinco Ranch Branch Library, in the Southern District of Texas. Her initials appear signed on the roll. Records indicate she checked in again on October 25, 2024. In 2024, she signed in to vote at Tomkins High. Both the 2020 and 2024 elections were held in part for the purpose of electing a candidate for the office of President, Vice President, President elector, Member or the Senate, or Member of the House of Representatives.

HSI Special Agent Whitfield reviewed Ada Otuka's A-file and confirmed she was an alien at the time she voted and registered to vote. He confirmed that she is not a U.S. citizen and is a legal permanent resident. Further, Otuka has never been a U.S. citizen and has never been permitted to legally vote in a U.S. federal election in the United States; however, after voting, in 2025, Otuka filled out an N-400 naturalization application wherein she admitted to voting in past elections.

### Breach of Plea Agreement

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the

8

United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Monetary Penalties, Assets and Financial Disclosures

16.   Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17.   Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

## Financial Statement

18.   Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

9

19. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

## Complete Agreement

20. This written plea agreement, consisting of 12 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

21.  Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____*Houston*_____, Texas, on _____*July 30*_____, 2026.

_____
ADA NGOZI OTUKA
Defendant

Subscribed and sworn to before me on _____*July 30*_____, 2026.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

**AARON F. REITZ**
United States Attorney

By: _____
Assistant United States Attorney
Southern District of Texas

_____
Michael Wynne
Attorney for the Defendant

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CRIMINAL NO. 4:25-cr-560S |
| v. | § | |
| | § | |
| ADA NGOZI OTUKA, | § | |
| Defendant. | § | |

PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Attorney for Defendant

2-30-26
Date

I have consulted with my attorney and fully understand all my rights with respect to the information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____
Defendant

7-30-26
Date

12